Kenneth I. Gross, Esq. (SBN: 117838)
kgross@kigrosslaw.com
Chen Fei Liu, Esq. (SBN: 315519)
aliu@kigrosslaw.com
**Law Offices of Kenneth I. Gross & Associates**
849 S. Broadway, Suite 504
Los Angeles, CA 90014
Phone: (213) 627-0218 | Fax: (213) 623-4628

Attorneys for Plaintiff DELORIS RANKINS; and D-PROTEIN FOODS LLC, a California Limited Liability Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELORIS RANKINS, D-PROTEIN FOODS LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BIO-NUTRITIONAL RESEARCH GROUP, INC., a California Corporation doing business as POWER CRUNCH; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-01489-JWH-DFM<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. Trademark Infringement<br><br>2. Violation of California Business & Professions Code Sections 17200, et seq. [Unfair Competition]<br><br>3. Violation of Business & Professions Code Sections 17500, et seq. [False Advertising]<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DELORIS RANKINS ("Rankins") and D-PROTEIN FOODS LLC complain and alleges as follows:

///

///

///

SECOND AMENDED COMPLAINT - 1

## PARTIES

1. She is an individual residing in Orange County, California.

2. Plaintiff D-Protein Foods, LLC (D-Pro) is a California LLC which is wholly owned by Plaintiff Rankins with a principal place of business in Laguna Nigel, California. It sells protein bars online.

3. Defendant BIO-NUTRITIONAL RESEARCH GROUP, INC. (Bio), is a California Corporation with a principal place of business in Irvine, California. It is a food production company which does business as Power Crunch. It sells protein bars, protein powders and other high protein foods, online and in retail stores.

4. The true names and capacities of Defendants DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names.

5. Plaintiff is informed, believes, and thereon alleges that said DOES 1 through 50, inclusive, are officers, employees, and/or agents of the other Defendants and/or the alter-ego of the Defendants and were acting in that capacity at all relevant times.

6. Plaintiff will seek leave of this Court to amend this Complaint to show the true names and capacities of DOES 1 through 50, inclusive, when the same have been ascertained.

7. Plaintiff is informed, believes, and thereon alleges that each of the defendants named herein as DOES, were and are in some manner responsible for the actions, acts, and omissions herein alleged, and for the damage caused by the Defendants and are, therefore, jointly and severally liable for the damage caused to Plaintiffs.

8. Plaintiffs are informed, believe, and thereon allege that each of the Defendants, including DOES 1 through 50, inclusive, were, at all times herein relevant, acting in concert with

and in conspiracy with each and every one of the remaining Defendants. Plaintiff will amend this Complaint to allege the true names and capacities of such DOES, together with such allegations as are appropriate, when the same are ascertained.

9. Each Defendant is sued both as principal and as the servant, agent, employee, co-venturer, and co-tortfeasor of the remaining Defendants, and each of them is liable in some manner for the damages to Plaintiff complained of herein.

10. Plaintiffs are informed, believe, and thereon allege Defendants, and each of them, did at all material times foresee the nature and extent of the probable consequences of their acts in proximately causing said damages to Plaintiff, and acted within the course and scope of such service, agency, employment, and joint venture, and with the knowledge, permission, and authority, actual and apparent, express and implied, direct and vicarious, of the remaining Defendants, and each of them.

11. At all times, each Defendant was either an individual, corporation, partnership, association, group, or entity, doing business or carrying on business in this District.

12. Wherever appearing in this Complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

13. Plaintiffs are informed, believe, and thereon allege that at all relevant times each of the Defendants was the agent, employee, representative, co-conspirator, affiliate, alter-ego, and/or successor-in-interest of each of them, and of each other, and has, in such capacity or capacities, participated in the acts or conduct alleged herein.

## JURISDICTION AND VENUE

14. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, I337(a), and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. §1121, trademark infringement of federally registered trademarks pursuant to 15 U.S.C. §1114, and federal unfair competition pursuant to 15 U.S.C. §1125 (a).

15. The Court has supplemental jurisdiction over the claims arising under the laws of the State of California, pursuant to 28 U.S.C. §1367(a), because the State law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

16. This Court has specific jurisdiction over the Defendants because Plaintiff's claims for trademark infringement, counterfeiting, and unfair competition arise from harm sustained in the State of California. Defendants have engaged in purposeful affirmative activity directed at the State of California by, on information and belief, selling and advertising their products within the State of California, maintaining offices in the State of California, maintaining an interactive website that promotes and advertises Defendants' goods to California consumers twenty-four hours a day, and regularly offering for sale their goods to persons and entities in the State California. Further, Defendants are causing tortious injury in the State of California by acts or omissions outside of the State of California and regularly solicit business in the State of California.

17. This Court also has general jurisdiction over the Defendants because Defendants have engaged in continuous and systematic activity within the State of California by, on information and belief, selling their products in retail stores in the State of California and within this District, maintaining an interactive website that is directed towards California

SECOND AMENDED COMPLAINT - 4

consumers, and regularly distributes its products in the State of California and maintains production facilities in the State of California, or imports its products for distribution, into the State of California.

18. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; (b) Defendants conduct business in this District; (c) the unlawful acts of Defendants, complained of herein, have been committed within and/or have had or will have had an effect in this District; and (f) Plaintiffs who reside in and conduct business in this District, have been and will continue to be damaged by the unlawful acts of Defendants.

## NATURE OF THE ACTION

19. This is an action for trademark infringement, counterfeiting, and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. §1051, et seq., and violation of California Business and Professions Code §§ 17200 et seq., and 17500 et seq.

## STATEMENT OF FACTS

20. Plaintiff RANKINS is the owner of federal trademark registration 5,914,510 for D-PRO WHERE PROTEIN MEETS DELICOUS (the "Mark") in International Class 5, for protein supplements formed and packaged as bars. The registration was applied for on May 8, 2019. Plaintiff has been using the mark at least as early as October 1, 2018. She is the sole owner of Plaintiff D-Pro which sells products using the trademarked phrase "Where Protein Meets Delicious". The mark is prominently displayed on the website of D-Pro, which primarily sells protein bars.

21. Plaintiffs sell their products online and have developed a loyal customer base and realized substantial sales through the offering of high quality, good tasting products, all bearing the mark, "Where Protein Meets Delicious". Plaintiff Rankins has spent significant sums, time, and effort to develop her brand.

22. Defendant Bio does business as "Power Crunch" in California and throughout the United States. It sells hi-protein energy bars, a nearly identical product as Plaintiff RANKINS. In or before the first quarter of 2020, Defendants Bio and DOES 1-30 engaged in a marketing campaign for their products using the slogan, "Where Protein Meets Delicious". This slogan was featured prominently on Defendants' website in connection with the sale of their products, in YouTube videos, which have received in excess of 1,000,000 views, were distributed to retail outlets throughout the United States.

23. On or about May 8, 2020, Bio applied to the United States Patent and Trademark Office for a trademark in the words "Where Protein Meets Delicious" and stated their first use of that mark was in June 2019. The application bore serial number 88907477. The applied for mark was for Class 5, the same as Plaintiff RANKINS' registered mark, and the products to which the mark related were described as "protein supplements formed and packaged as bars", the exact same description as Plaintiff Rankins' registered mark.

24. On or about June 23, 2020, application 88907477 was abandoned by Bio.

25. The use by Defendants Bio and DOES 1-30 of the mark "Where Protein Meets Delicious" is an infringement on the registered mark of Plaintiff Rankins.

26. Despite acknowledging that they were aware of Plaintiff Rankins' registered mark, Defendants continued to engage in the marketing campaign described herein and generated substantial sales and profits, in a sum according to proof.

27. At the filing of this lawsuit, Defendant Bio's unauthorized use of Plaintiff Rankins' mark continues and is easily viewable by the consuming public, thereby continuing to generate confusion, all to the detriment of Plaintiffs.

28. The federal trademark registration of Plaintiff RANKINS referenced above is valid, subsisting, and provides conclusive evidence of the right of Plaintiffs to use the mark "Where Protein Meets Delicious"

29. Plaintiffs have extensively used the Mark and have advertised, promoted, and offered products for sale interstate commerce through various channels of trade based on use of the Mark. As a result, the customers and potential customers of Plaintiffs, and the public in general have come to know and recognize the Mark as identifying Plaintiffs' products as being of the highest quality and taste and associate the Mark with Plaintiffs. Plaintiffs have, as a result, built up extensive and invaluable goodwill in connection with the sale of its products offered under its Mark.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement-15 U.S.C §1114)

(against all defendants)

30. Plaintiffs reallege paragraphs 1 - 29 of the complaint and incorporate them by this reference as though fully set forth herein.

31. The mark used by Defendants "Where Protein Meets Delicious" is identical to or substantially indistinguishable from the Mark of Plaintiff RANKINS in appearance, sound, meaning, and commercial impression, such that the use thereof is likely to cause confusion, mistake, and deception, and likely has caused, confusion, mistake and deception as to the authorization and source of the products of the parties hereto, and that

the public is likely to be confused, deceived, and to assume erroneously that Defendants' goods are those of Plaintiffs' or have been produced or authorized by Plaintiffs and vice versa, or that Defendants are in some way connected with Plaintiffs. Such confusion will irreparably injure and damage Plaintiffs' goodwill and reputation, and stifle the growth of Plaintiff D-Pro, as well as cause D-Pro to lose profits and for Defendants to profit by the use of the Mark.

32. As the Counterfeit Mark used on Defendants' goods is identical to or substantially indistinguishable from the Mark of Plaintiff RANKINS, the public is likely to be confused and deceived, and to assume erroneously that Defendants' goods have been authorized or produced by Plaintiffs or that Defendants are in some way connected with, licensed, sponsored by, or affiliated with Plaintiffs, all to Plaintiffs' harm and damage.

33. Plaintiff RANKINS operates a growing business and the actions of Defendants are particularly damaging and the harm caused is irreparable, done with the intent to remove a competitor in the marketplace.

34. Defendants are not affiliated or connected with any of the Plaintiffs and have not been endorsed by Plaintiffs nor have Plaintiffs' consented to, approved or condoned Defendants' use of the Mark, and Defendants have never obtained the approval or consent of Plaintiff RANKINS to use the Mark.

35. Defendants' use of the Counterfeit Mark in connection with the Defendants' products is likely to cause confusion, mistake, or deception of consumers as to the source of the products and authorization to use the Mark, in violation of the Lanham Act, including but not limited to 15 U.S.C. §1114.

36. Plaintiffs are informed and believe and on that basis allege that Defendants derived unlawful gains and profits from their infringing use of the Counterfeit Mark.

37. The goodwill of Plaintiff Rankins' business using the Mark is of great value, and Plaintiffs will suffer irreparable harm should Defendants' infringement be allowed to continue to the detriment of the reputation and goodwill of Plaintiff D-Pro for which damages cannot be adequately compensated at law.

38. Plaintiffs have no control over the quality of the goods offered by Defendants. In fact, there is a pending class action lawsuit against Defendant Bio alleging that it mischaracterizes its products, and that they do not contain the ingredients represented.

39. Thus, the value of the Mark is subject to damage by an entity it cannot control.

40. Unless Defendants are enjoined by this Court from using the Mark, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation, as well as substantial monetary damages.

41. Such acts of intentional infringement entitle Plaintiff RANKINS to an award of treble damages, disgorgement of Defendants' profits, and attorneys' fees and costs in and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. §1117(b).

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION [B&P §17200, et seq]

### (against all Defendants)

42. Plaintiffs reallege paragraphs 1 - 41 of the Complaint and incorporate them by this reference as though fully set forth herein.

43. Defendants have committed all of the aforesaid acts willfully, maliciously and

oppressively, without regard to Plaintiffs' legal, contractual, and exclusive proprietary rights.

44. Defendants' acts and practices as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of California Business and Professions Code § 17200.

45. Pursuant to California Business and Professions Code § 17203, Plaintiffs seek an order from this Court prohibiting defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth herein.

46. Plaintiffs have incurred and will continue to incur attorney fees in enforcing the rights described herein and seek recovery of their attorney fees incurred pursuant to Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITON 15 U.S.C. §1125(a), et seq.]

## (against all Defendants)

47. Plaintiffs reallege paragraphs 1 - 41 of the Complaint and incorporate them by this reference as though fully set forth herein.

48. Defendants' use of the Mark constitutes unfair competition, and a false or misleading description or representation of fact, which is likely to deceive customers and prospective customers into believing that Defendants' goods offered for sale under Defendants' counterfeit Mark have been certified or authorized by Plaintiffs, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. $ 1125(a), or that Defendants have superior or exclusive rights to use the phrase "Where Protein Meets Delicious".

49. Defendants' actions are unfair in that they are much larger than Bio and have far superior

resources and ability to influence the common market Plaintiff D-Pro shares with them and therefore obtain customers at the expense of Plaintiff D-Pro.

50. Plaintiffs have no control over the nature and quality of Defendants' goods for sale under Defendants' Counterfeit Mark. Any failure, neglect, or default of Defendants in providing goods will reflect adversely on Plaintiffs. In fact, there is presently pending litigation against Defendant Bio, a class action lawsuit relating to the nature and characterization of the ingredients in their products, which are similar products to those sold by Plaintiffs.

51. Plaintiffs are informed and believe and on that basis allege that Defendants derived unlawful gains and profits from its infringement of the Mark.

52. The goodwill of Plaintiffs' business under the Mark is of great value, and Plaintiff D-Pro will suffer irreparable harm to its trade reputation and goodwill if Defendants' acts of unfair competition are allowed to continue.

53. Unless enjoined by this Court, Defendants will continue to engage in acts of unfair competition, to the irreparable damage and injury to Plaintiffs.

54. Upon information and belief, from the outset, Defendants have engaged in acts of unfair competition, false representation and designation of origin with knowledge of the exclusive rights of Plaintiff RANKINS, in and to the Mark, and Defendants continue in such acts of unfair competition, thus entitling Plaintiffs to an award of its actual damages, disgorgement of Defendants' profits, and attorneys' fees and costs in bringing maintaining this action, pursuant to §35(a) of the Lanham Act, 15 U.S.C. §1117(a).

**WHEREFORE** Plaintiff prays as follows:

1. For compensatory damages in an amount to be proven at trial according to proof;

2. For issuance of preliminary and permanent injunctive relief against Defendants, and each of them, and their respective officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from:

   a. imitating, copying, or making any other infringing use of the Mark described herein, or hereafter confusingly similar mark;

   b. distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting their products using the Mark or a similarly confusing mark, or displaying any simulation, reproduction, counterfeit, copy or imitation of the Mark described herein or any confusingly similar mark;

   c. using any false designation of origin or false description or statement that can or is likely to lead the trade, industry or public or individuals erroneously to believe that Plaintiffs and Defendants products come from the same source or may come from the same source or that Plaintiffs authorized, licensed, or endorsed Plaintiff's products, when such is not true;

   d. using the names, logos, or other variations thereof of "Where Protein Meets Delicious", in any manner;

   e. engaging in any other activity constituting an infringement of the Mark, or the rights of Plaintiffs, including in or to the rights to the phrase "Where Protein Meets Delicious" in conjunction with the sale of protein bars, health foods, or similar products where consumer confusion is likely;

   f. assisting, aiding, or abetting any other person or business in engaging in or performing any of the above activities;

3. Order Defendants at their own expense, to recall all sold as a result of use of the Mark or bearing the mark, including since the initiation of the marketing campaign using the phrase "Where Protein Meets Delicious", to turn over to Plaintiffs all marketing materials and advertisements in which the phrased "Where Protein Meets Delicious" is used;

4. Order defendants to publish Notice to all those who purchased or otherwise obtained Defendants' protein bars since the initiation of use of the phrase "Where Protein Meets Delicious" a statement that the products purchased were not endorsed, licensed or approved by Plaintiffs and that Plaintiff Rankins has the sole right to use the Mark "Where Protein Meets Delicious" with regard to the products purchased from Defendants, and shall advise in said Notice of this Court's injunction and Order that Defendants discontinue any use of the Mark or any name or mark that is confusingly similar to Plaintiff Rankins' Mark;

5. Order that Defendants file with this Court and serve upon Plaintiffs within thirty (30) days after service on Defendants of an injunction in this action, a report by Defendants, under oath, setting forth that defendants have complied with the injunction, as well as the steps they have taken to comply;

6. For general, special, and actual damages for Trademark Infringement; or:

7. If Plaintiff Rankins so elects, statutory damages of up to $2,000,000 per counterfeit mark, used, or distributed, pursuant to 15 U.S.C. §1117(c);

8. For damages as provided by law or in an amount to be proven at trial for trademark dilution and false designation of origin;

9. For restitution as provided by law or in an amount to be proven at trial for common law unfair competition;

10. For punitive and exemplary damages in an amount determined to be just to make an example of and punish defendants;

11. For attorney fees as provided by law or in an amount to be proven at trial for unfair business practices;

12. For disgorgement of profits gained through the illegal and deceptive practices described:

13. For an Order requiring that Defendants provide complete accountings of the activities described herein, and that the value of all benefits obtained from their unfair, illegal or deceptive practices be turned over to Plaintiffs;

14. For an order that Defendants are the constructive trustees of all sums obtained from their unfair, illegal or deceptive practices and activities described herein, and that they are to hold said sums in trust and for the benefit of Plaintiffs;

15. Designate this action an exceptional case entitling Plaintiff Rankins to an award of her reasonable attorney fees incurred as a result of this action pursuant to 15 U.S.C. §1117, and to award said fees to Plaintiffs;

16. For costs of suit herein incurred;

17. For prejudgment interest in the amount of ten percent (10%) per annum or the maximum amount allowed by law; and

18. For such other and further relief the Court deems just and proper.

DATED: December 31, 2020                           KENNETH I. GROSS & ASSOCIATES

_____
Kenneth I. Gross, Esq.
Chen Fei Liu, Esq.
Attorneys for Plaintiffs
Delores Rankins and D-Protein Foods, LLC

**DEMAND FOR A TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all Causes of Action in the Complaint so triable.

Date: December 31, 2020                KENNETH I. GROSS & ASSOCIATES

_____
Kenneth I. Gross, Esq.
Chen Fei Liu, Esq.
Attorneys for Plaintiffs
Delores Rankins and D-Protein Foods, LLC