Kenneth I. Gross, Esq. (SBN: 117838)
kgross@kigrosslaw.com
Chen Fei Liu, Esq. (SBN: 315519)
aliu@kigrosslaw.com
**Law Offices of Kenneth I. Gross & Associates**
849 S. Broadway, Suites
Los Angeles, CA 90014
Phone: (213) 627-0218 | Fax: (213) 623-4628

Attorneys for Plaintiff DELORIS RANKINS; and D-PROTEIN FOODS LLC, a California Limited Liability Company

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| DELORIS RANKINS, D-PROTEIN FOODS LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BIO-NUTRITIONAL RESEARCH GROUP, INC., a California Corporation doing business as POWER CRUNCH; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-01489-JWH-DFM<br><br>**ANSWER TO DEFENDANT BIO-NUTRITIONAL RESEARCH GROUP, INC.'S COUNTERCLAIMS** |

Plaintiff DELORIS RANKINS ("Rankins") and D-PROTEIN FOODS LLC ("D-Protein") hereby responds to Defendant BIO-NUTRITIONAL RESEARCH GROUP, INC.'S ("BNRG") counterclaim. Plaintiff has adopted the headings found in the Counterclaim for ease of reference. However, to the extent that such headings themselves contain factual or legal statements, allegations, or characterizations, Plaintiffs denies those statements, allegations, or characterizations.

///

**PARTIES**

1. Plaintiffs admit the allegations contained in Paragraph 1.

2. Plaintiff Rankins admits that she is an individual residing in Orange County.

3. Plaintiff D-Protein admits that it is a California limited liability company owned by Rankins with its headquarters in Laguna Niguel, California.

**JURISDICTION**

4. Plaintiffs admit that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 1338. Plaintiffs deny the remaining allegations of Paragraph 4.

5. Plaintiffs admit that this Court has supplemental jurisdiction over the counterclaims under 28 U.S.C. § 1367(a)

6. Rankins and D-Protein admit that this Court has personal jurisdiction over them.

**FACTUAL BACKGROUND**

7. Paragraph 7 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. Plaintiffs deny each and every allegation.

8. Plaintiffs admit the allegations contained n Paragraph 8.

9. Plaintiff D-Protein admits that it manufactures and offers for sale protein meal bars under the brand name D-Pro in connection with the phrase "D-Pro Where Protein Meets Delicious". Plaintiffs deny the remaining allegations of Paragraph 9.

10. Plaintiff D-Protein admits that it distributes the D-Pro meal bars to customers throughout the United States. Plaintiffs deny the remaining allegations of Paragraph 10.

11. Plaintiffs admit that it filed this action against BNRG on August 11, 2020 and alleged in that action that its products are marketed and sold to the same consumers as BNRG and

that Plaintiffs and BNRG are in direct competition with each other. Plaintiffs deny the remaining allegations of Paragraph 11.

**I. D-Pro's False Representations of Protein Content and Daily Value Percentage of Protein**

12. Plaintiffs admit that D-Protein manufactures, markets and sells the D-Pro Protein Meal Bars throughout the United States and the State of California. Plaintiffs deny the remaining allegations of Paragraph 12.

13. Plaintiffs admit that D-Protein marketed the protein meals bars using the trademarked phrase "Where Protein Meets Delicious." The remaining allegations of Paragraph 13 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required.

14. Plaintiffs admit that protein content are listed in the Nutritional Facts section of the Meal Bars. Plaintiffs deny the remaining allegations of Paragraph 14.

15. Plaintiffs deny the allegations contained in Paragraph 15 of the Counterclaim.

16. Plaintiffs deny the allegations contained in Paragraph 16 of the Counterclaim.

17. Plaintiffs deny the allegations contained in Paragraph 15 of the Counterclaim.

18. Plaintiffs deny the allegations contained in Paragraph 18 of the Counterclaim.

19. Plaintiffs deny the allegations contained in Paragraph 19 of the Counterclaim.

20. Plaintiffs deny the allegations contained in Paragraph 20 of the Counterclaim.

21. Plaintiffs deny the allegations contained in Paragraph 21 of the Counterclaim.

22. Plaintiffs deny the allegations contained in Paragraph 22 of the Counterclaim.

23. Plaintiffs deny the allegations contained in Paragraph 23 of the Counterclaim.

24. Plaintiffs deny the allegations contained in Paragraph 24 of the Counterclaim.

25. Plaintiffs deny the allegations contained in Paragraph 25 of the Counterclaim.

26. Plaintiffs deny the allegations contained in Paragraph 26 of the Counterclaim.

27. Plaintiffs deny the allegations contained in Paragraph 27 of the Counterclaim.

28. Plaintiffs deny the allegations contained in Paragraph 28 of the Counterclaim.

29. Plaintiffs deny the allegations contained in Paragraph 29 of the Counterclaim.

30. Plaintiffs deny the allegations contained in Paragraph 30 of the Counterclaim.

31. Plaintiffs deny the allegations contained in Paragraph 31 of the Counterclaim.

32. Plaintiffs deny the allegations contained in Paragraph 32 of the Counterclaim.

**II. D-Pro's Undeclared Major Food Allergens**

33. Plaintiffs deny the allegations contained in Paragraph 33 of the Counterclaim.

34. Plaintiffs admit that the Nutty Blueberry Banana flavored Meal Bar contains organic almond flour and almonds. Plaintiffs deny the remaining allegations contained in Paragraph 34.

35. Plaintiffs admit that the Peanut Butter Almond flavored Meal Bar once contained coconut cream powder and coconut but it no longer contains coconut powder and coconut as the ingredients have changed. Plaintiffs deny the remaining allegations contained in Paragraph 35.

36. Paragraph 36 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

37. Paragraph 37 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

38. Paragraph 38 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

39. Paragraph 39 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

40. Paragraph 40 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

**III. D-Pro's False and Misleading Statements About its Bars Being Vegan and Diary-Free, as well as False Statements about the Sugar, Calories, Fat, and Carbohydrates in its Products**

41. Plaintiffs deny the allegations set forth in Paragraph 41.

42. Plaintiffs admit that D-Protein Meal Bars contain certain benefits. Plaintiffs deny the remaining allegations of Paragraph 42.

43. Plaintiffs admit that the screen grab contained in Paragraph 43 relates to its vegan meal bars only. Plaintiffs deny the remaining allegations of Paragraph 43.

44. Plaintiffs deny the allegations that its website claimed that the Ketolicious Parmesan Green Veggies flavored Meal Bar are dairy-free and vegan.

45. Plaintiff deny the allegations set forth in Paragraph 45.

46. Paragraph 46 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required.

47. Paragraph 47 of the Counterclaim contains legal arguments and other nonfactual

allegations to which no response is required.

48. Paragraph 48 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required.

49. Paragraph 49 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

50. Plaintiffs lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of BNRG's Counterclaim, and therefore denies the same.

51. Paragraph 51 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

52. Paragraph 52 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

**FIRST CLAIM FOR RELIEF**

**(False Advertising under 15 U.SC. § 1125(a))**

53. Plaintiffs refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

54. Plaintiffs deny the allegations that its advertisements contain actual misstatements and/or misleading statements or failures to disclose.

55. Plaintiffs deny the allegations set forth in Paragraph 55.

56. Plaintiffs deny that its advertising statements and/or omissions are false and misleading. Plaintiffs also deny that its advertising statements and/or omissions injure consumers or

BNRG.

57. Plaintiffs deny that its advertising statements and/or omissions are false and misleading. Plaintiffs also deny that its advertising statements and/or omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

58. Plaintiffs deny the allegations set forth in Paragraph 58.

59. Paragraph 59 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

60. Paragraph 60 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

61. Paragraph 61 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

**SECOND CLAIM FOR RELIEF**

**(False Advertising/Violation of False Advertising/Violation of California Business and Professions Code § 17500)**

62. Plaintiffs refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

63. Paragraph 63 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

64. Paragraph 64 of the Counterclaim contains legal arguments and other nonfactual

allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

65. Plaintiffs deny the allegations set forth in Paragraph 65.

66. Paragraph 66 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

67. Paragraph 67 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

68. Paragraph 68 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition in Violation of California Business and Professions Code § 17200)**

69. Plaintiffs refers to and incorporates herein by reference all defenses and all responses to allegations stated above as if fully set forth herein.

70. Plaintiffs deny the allegations set forth in Paragraph 70.

71. Paragraph 71 of the Counterclaim contains legal arguments and other nonfactual allegations to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs denies that Defendant is entitled to any relief set forth in the Counterclaim.

**ANSWER TO DEMAND FOR JURY TRIAL**

Plaintiffs states that Defendant's demand for a jury trial does not require an admission or denial.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional affirmative defenses, Defendant asserts the following affirmative defenses to Plaintiffs' Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's Counterclaim against Plaintiffs are barred, either in whole or in part, by the doctrines of waiver, laches, and/ or acquiescence.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's Counterclaim is barred by the doctrine of Unclean Hands.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant does not have standing to bring a Counterclaim against the Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has suffered no damages as a result of the acts complained of.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is estopped by its own conduct to assert the allegations in the Counterclaim.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant does not have a case or controversy as required by federal law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights possessed by Defendant, or any duty owed to Defendant.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Defendant suffered any detriment, such detriment was caused or contributed to by Defendant's negligence and damage, if any, should be reduced in direct proportion to its fault.

**TENTH AFFIRMATIVE DEFENSE**

Defendant failed to mitigate its damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaim against Plaintiffs is barred, either in whole or in part, because Plaintiffs' conduct, if any, was not willful or intentional.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaim against Plaintiffs is barred, either in whole or in part, to the extent Defendant's damages are speculative and inherently uncertain.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is bringing the Counterclaim in bad faith.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully requests a trial by jury in this matter for all issues so triable.

DATED: February 22, 2021

KENNETH I. GROSS & ASSOCIATES

Kenneth I. Gross, Esq.
Chen Fei Liu, Esq.
Attorneys for Plaintiffs
Deloris Rankins and D-Protein Foods, LLC